No. 24,558.

CARRIE L. HOLMAN, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

AUTOMOBILE—*Railroad Crossing—Damages—Contributory Negligence*. Record of an action for damages for injuries sustained in a railway crossing accident examined, and, held that plaintiff's contributory negligence was not so clearly established as to make it a question of law, and that the record discloses no error justifying a reversal of the judgment.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed June 9, 1923. Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*John R. Beeching, John F. Rhoades,* and *William H. Burnett,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action for damages for injuries sustained in a collision with defendant's caboose at a street crossing near the railway depot at Hutchinson.

As plaintiff and her husband were driving southward in an automobile on a public street and across the defendant's east-and-west tracks, a caboose propelled by an engine came from the west and backed into the automobile and injured the plaintiff.

The negligence alleged was the operation of the engine and caboose at an excessive and dangerous rate of speed at a public crossing, without warning, sign or signal of the train's approach.

Defendant's answer denied its negligence, and alleged that the accident and its consequences were caused solely by the negligence of plaintiff and her husband in driving across the railway tracks at excessively fast speed without giving heed to the warnings of danger given her by the crossing tracks and signals; that plaintiff was familiar with the crossing and that the tracks thereabout were in constant use in switching cars to the local industries and in making up passenger and freight trains, and that defendant failed to ascertain if the way was clear by looking and listening, and if necessary by stopping to see if a train was approaching: "and if the said plaintiff gave any attention thereto she failed to continue such

Holman v. Railway Co.

attention when the same was needed and failed to warn her husband of the danger which she saw or might have seen by merely looking"; and, "that if she had given her said husband warning, he could and would have stopped said car before the same reached a place of danger."

The evidence for plaintiff tended to show that she and her husband stopped their car before crossing the railway tracks and ascertained that there was no train coming from the west within the range of their vision, which at their stopping point about 3 feet north of the tracks was about 150 feet. They then proceeded to cross and their car was struck by the backing caboose 35 feet south of the point at which they stopped, although plaintiff, who kept looking westward, did not see the caboose until it was about to strike their car. There was testimony that the caboose and engine came from the west at a sudden burst of speed of 25 miles an hour, and that the noise of another engine east of the crossing had prevented plaintiff from hearing the approach of the caboose.

The evidence for the defendant was altogether at variance with that of plaintiff, and if it had been given credence it would have established clearly that defendant committed no negligence and did not propel the caboose at any considerable rate of speed; that a switchman on foot kept up with the caboose as it traveled, and that plaintiff's car speeded over the crossing without any precautions; that if plaintiff had looked at the only place it would have done any good to look she could not have failed to see the engine and caboose, and that the injuries of plaintiff were caused by her own negligence and that of her husband. The jury's verdict was for plaintiff. Certain special questions ware also answered:

"Q. 1. How far north of the point of collision was the south side of the Rock Mill and Elevator Company coal bin? [5 feet north of tracks.] A. Thirty-five feet.

"Q. 2. After the automobile had passed the Rock Mill and Elevator Company coal bin, was there at that time any obstruction to prevent Mrs. Holman from seeing an approaching train as far back as the depot? A. No.

"Q. 3. Do you find from the evidence that there was a brakeman on top of the way car with a lantern, who whistled as the engine and way car approached the crossing? A. Yes.

"Q. 4. Was the warning bell at the crossing ringing? A. Yes.

"Q. 5. How fast was the car in which plaintiff was riding traveling immediately before the time of collision? A. Five miles per hour.

"Q. 6. In how many feet can a Buick six-cylinder, 1919, five-passenger car, ordinarily equipped, traveling three or four miles an hour, be stopped? A. Five to eight feet.

"Q. 7. Do you find from the evidence that the plaintiff and her husband had both been visiting with friends, and were riding in the car with the mutual object of returning to their home? A. Yes.

"Q. 8. Was the street light at the intersection of the Santa Fe tracks and Poplar street burning? A. Yes.

"Q. 9. Had the plaintiff passed over this crossing several times previous to this, and did she know when the car started across said crossing? A. Yes.

"Q. 10. If you find that the defendant was negligent, state in what respect the defendant was negligent. A. Excess speed and improper warning of approach. . . .

"Q. 12. Was there anything that prevented the plaintiff from having equal opportunity with her husband of seeing the approach of the engine and way car and the danger associated with it? A. No.

Defendant's motions for judgment on the special findings and for a new trial were denied; judgment was entered for plaintiff; and defendant appeals, contending that the facts convict the plaintiff of contributory negligence.

Under rules of logic frequently applied by this court it is often held in crossing-accident cases that testimony and findings that a person had looked before crossing a railway track and saw no train approaching must be disregarded because manifestly untrue, since if the person looked he must have seen whatever was within reasonable range of vision to be seen. But here a witness, whom the jury saw fit to believe, testified that the engine and caboose came so rapidly that plaintiff could not see them and warn her husband, the chauffeur, between the time they entered her range of vision and the time of the collision. Hard to believe? Maybe so, but it could be true, so in this case the record does not clearly convict the plaintiff and her witness of perjury, nor the jury of downright insincerity. Whether at a city crossing, where the speed of trains, cars and switch engines was governed by ordinance, it was negligence to cross a series of railway tracks without assurance that no train was approaching except that there was none within 150 feet is a very close question indeed, but being doubtful, it had to be left to the jury. At all events it cannot be said as a matter of law that the findings of fact based on the testimony for the plaintiff resolved the plaintiff's contributory negligence into a question of law to be decided by this court.

The jury's finding of negligence, of excessive speed, being supported by evidence, it becomes immaterial whether the other finding, "improper warning of approach," is contrary to the other findings, or whether it lacks support in the evidence.

Fault is found because the trial court gave an instruction on the doctrine of "last clear chance," but if that matter was not in issue, it was not prejudicial. It is not contended that the trial court's statement of the doctrine was erroneous.

There is nothing in this case on which to base a reversal without disturbing settled principles of appellate procedure. The judgment is therefore affirmed.